BLOCK, BELL & CO., Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. 302.    Argued March 17, 1944.—Decided April 12, 1944.

*Harry Manuel Besosa* for petitioner.    *Joaquín Correa* for respondent.    *E. Cornier Martínez* for claimant.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The petitioners, Block, Bell & Co., have filed in this court a petition to review the proceeding had before the Industrial Commission. They allege that on March 10, 1943, Mr. Allan B. Block, partner of the petitioner firm, was summoned to appear at the public hearing set for the 24th of the same month in connection with the claim of the workman, René Cuevas Roselló against Block, Bell & Co.; that the notice served on Mr. Block was written entirely in Span-

ish; that Block appeared at the hearing under the impression that the matter involved was a preliminary investigation which could not prejudice him; that as he does not know Spanish, Block did not seek the services of an attorney, took no evidence to the hearing, and did not cross-examine claimant's witnesses; that on April 21, 1943, the commission issued an order declaring Block, Bell & Co., an uninsured employer; that on July 9, 1943, at the request of counsel for the appellant firm, the commission rendered an order granting a reopening of the hearing which was set for September 20, 1943; that when the appellant firm was ready to present its defense and evidence, the commission, at the request of the workman's attorneys and of the State Insurance Fund, entered another order dismissing the petition for reopening of the hearing, leaving in full force and effect the order of April 21, 1943, wherein the petitioner was declared an uninsured employer; and that the petition for reconsideration was denied.

The grounds on which the petition for review is based are as follows:

1. That Block, Bell & Co. was deprived of its constitutional right to be heard and present evidence in its defense, because the notice served on Block was drawn up in Spanish, and that he did not have an opportunity to adduce evidence or to cross-examine the witnesses against him or understand the testimony of the workman's witnesses.

2. That even though the petition filed by Block, Bell & Co. was erroneously entitled a "Petition for a New Hearing" its purpose was to obtain a "Reopening of the Hearing" in order that the employer should have an opportunity to be heard and to adduce its evidence.

3. That Block, Bell & Co. has a good defense, that is, that said firm executed a contract with E. Moreno & Co. for the loading and unloading of its ships as independent contractors, the latter binding itself to insure the workmen;

that the accident met by René Cuevas Roselló is covered by the insurance policy of E. Moreno & Co.

In order to determine whether the appellant has been ordered to pay without an opportunity to defend itself, we have made a careful study of the record of the case before the Industrial Commission, and we have reached the conclusion that the contention of the appellant lacks merit.

The notice served on Mr. Block on March 10, 1943, after copying the title of the case, reads thus:

"*Service of Notice of Public Hearing.* On Block, Bell & Co. (bringing his evidence) and/or Gene Bell, Padin Building, No. 613, San Juan, Puerto Rico.

"You are hereby notified that the Industrial Commission has set March 24, 1943, at 9 o'clock in the morning, for a public hearing in this case in San Juan, and if you fail to appear, the commission shall enter a default judgment, pursuant to the provisions of Act 45, approved April 18, 1935."

On the day of the hearing, although the notice of service was drawn up in Spanish, Mr. Block appeared at the commission, together with his partner, Mr. Bell. At the beginning of the hearing, Commissioner Herrero explained to said gentlemen, in English, the details of the workman's petition, and also informed them of the allegation made by the Manager of the Fund to the effect that on the day of the accident the laborer was working on a sail boat consigned to Block, Bell & Co., and that at that time said firm did not appear insured, inasmuch as its policy was taken out on the day after the accident, for which reason claimant's petition was dismissed.

Upon being called to the witness-stand, Mr. Angel Moreno testified: That the firm Moreno & Co. was insured with the State Insurance Fund; that in this case said firm did not intervene in the loading and unloading of the sail boat because Mr. Block paid the employees; that he (Moreno) advanced the money to Bell in order to pay the laborers and Bell returned it later; that in his record there is no

pay roll which shows that Moreno & Co. paid the work-men; that Moreno & Co. are insured, but they did not accept "something for which they are not directly responsible"; that in other cases, when they acted as agents, they paid the expenses and afterwards charged the disbursements made for the payment of the workmen; that he cannot deceive the commission, because in this case he did not pay the workmen and he only lent the money to Mr. Bell; that the latter hired the men and borrowed the money from him to pay them. At this moment, Commissioner Herrero asked Mr. Bell, in English, if the testimony of Moreno was true, and Mr. Bell answered in the affirmative. Moreno further testified that when a ship comes in and they act as agents, they supervise the workmen, pay their wages and keep a pay roll, entering in their books the payments made in order to collect them later. Mr. Bell interrupted and stated in English: "He was an agent," to which Moreno answered: "I am explaining to the commissioner the situation. When we pay on our own account we keep a pay roll and we have a foreman to supervise the work and everything in relation thereto." Moreno testified that he could not tell the commission for whom the workmen worked on the day of the accident "because I did not hire him."

The injured workman testified that he and 18 other workmen were hired by foreman, Carlos Alberto, who worked for Mr. Bell; that he worked two days and was paid $10 by Mr. Bell who owed him 4 cents; that after the accident Mr. Bell paid him $10 for per diems and $2 for expenses. He took part in the examination in order to explain the steps taken by him to obtain cure and hospitalization for the injured man.

Workman Secundino Padilla testified that he was one of the 18 workers hired by Carlos Alberto, foreman of Mr. Bell. When the witness testified that the injured workman went to the hospital on his own account and that Mr. Bell did not

send him, Bell interrupted to contradict the witness and stated that he was there and ordered that the injured workman be taken to the hospital. Mr. Block then spoke and said: "Mr. Moreno is liable in this case because he acted as agent of the boat."

Mr. Moreno again testified that the day of the accident was a holiday, a Sunday, and that Moreno & Co. was closed; that Block, Bell & Co. wanted to unload on that day and that the work was done on their account; that Moreno & Co. has always been insured, but that in this case they can not say that they have a pay roll because it is not true.

The foregoing is sufficient to reveal that the arguments of the appellant are untenable. The notice served on Mr. Block clearly informed him that he was summoned for a public hearing in the case of a claim filed by workman René Cuevas Roselló and it advised him that if he failed to appear a default judgment would be entered. He was also notified to bring evidence with him. The fact that the summons was in Spanish and not in English could have been perhaps accepted as an excuse if Mr. Block, upon being summoned, had found himself in a desert or in a country where it would have been, if not impossible, at least difficult to find a person with a sufficient knowledge of the English language to translate for him the 73 words contained in the summons. And the best evidence that Mr. Block was informed about the matter is the fact that he and his partner appeared at the hearing at the place and time mentioned in the summons.

The appellant firm was represented at the hearing by its two partners. They were informed in English of everything that took place there. They took part in the hearing and did everything in their power to make the Insurance State Fund pay the compensation which might have been awarded to the injured workman, charging the policy of Moreno & Co., in view of the fact that the policy of Block, Bell & Co.

was not taken out until the day after the accident. Had it not been for the clear and honest testimony of Mr. Moreno, the State Insurance Fund might have felt bound to answer for a liability which did not correspond to it.

In view of the surrounding circumstances, we are of the view that the commission did not err, but on the contrary acted correctly in refusing to open the case for a new hearing or to admit evidence which the appellant had an opportunity to introduce but failed to introduce at the hearing.

The decision appealed from will be affirmed.